IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS DICKSON, | : | Civil No. 3:17-cv-520 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| S. BOUNCE, LT. N. CARPER, MS. M.C. HOUSER, | : | |
| Defendants | : | |

FILED SCRANTON FEB - 1 2018 PER _____ DEPUTY CLERK

## MEMORANDUM

Plaintiff, Curtis Dickson, an inmate formerly confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this *Bivens*[1], 28 U.S.C. § 1331, civil rights action on March 28, 2017. (Doc. 1). Named as Defendants are Lieutenant N. Carper, Senior Officer Specialist M. Vargeson (Houser), and Bounce. The allegations in the complaint pertain to claims of sexual harassment and sexual assault by staff members at USP-Lewisburg. Presently pending before the Court is Plaintiff's motion to appoint counsel. (Doc. 15). For the reasons set forth below, the motion will be denied without prejudice.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*,

232 F. App'x 153 (3d Cir. 2007).

Assuming *arguendo* that the complaint has merit, Plaintiff fails to set forth any circumstances warranting the appointment of counsel. See *Tabron*, 6 F.3d at 155-56. Plaintiff bases his motion on the alleged complexity of the case, limited access to the law library, limited knowledge of the law, and inability to afford counsel. (Doc. 15). Upon review of the complaint, the legal issues presented in this case are not complex and likely will not require expert testimony. Furthermore, despite his incarceration, investigation of the facts is not beyond Plaintiff's capabilities and he is familiar with the facts of his case. In his pleadings, Plaintiff demonstrates the ability to adequately present his case. Moreover, the Court notes that it does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however the denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider

appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

A separate Order follows.

Date: January 31, 2018

Robert D. Mariani
United States District Judge

4